IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DESI LEE HYMAN JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-012 |
| | ) | |
| WILLIAM C. DANFORTH, Warden of | ) | |
| Telfair State Prison, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

Plaintiff names William C. Danforth, Warden of TSP as the sole Defendant in this case. (See doc. no. 1, pp. 1, 5.) Taking all of Plaintiff's factual allegations as true, as the Court must when screening his complaint, the facts are as follows.

From October 4, 2012 to September 11, 2013, while Plaintiff was housed in segregation at TSP, Defendant was deliberately indifferent to his health and safety needs

because Plaintiff's cell did not have a "mandated" emergency call button. (Doc. no. 1, p. 6.) He states he wrote letters and grievances about the segregation and general population cells not having emergency call buttons. (Id.) During this same time, Plaintiff alleges Defendant was deliberately indifferent to his privileges and rights because he was denied use of the telephone on several occasions and denied the opportunity to watch television programs that general populations inmates were allowed to watch. (Id.)

Plaintiff seeks monetary relief, including any fees associated with this action, and a decree that Defendant correct all the issues in this complaint. (Id. at 15.)

**B.    DISCUSSION**

    **1.    Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Failure to State a Supervisory Liability Claim Against Defendant.

Plaintiff's complaint fails to state a claim against Defendant to the extent that Plaintiff is attempting to hold him liable merely because of his position as Warden of TSP. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v.

Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant liable, Plaintiff must demonstrate that either (1) Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between the Defendant's actions and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff does not allege that Defendant actually participated in any purported constitutional violation, but appears to name Defendant merely because of his position as warden. (See generally doc. no. 1.)

Similarly, Plaintiff fails to allege a causal connection between Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at

4

671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has not made the necessary showing of a causal connection here. Plaintiff merely alleges that cells do not have emergency call buttons, he was denied use of the telephone on several occasions, and he was denied the opportunity to watch television programs general population inmates were able to view. Even assuming that there was a deprivation of constitutional rights, Plaintiff fails to allege that widespread abuse put Defendant on notice of the deprivation or that Defendant had a custom or policy that resulted in deliberate indifference to any of Plaintiff's constitutional rights.

Also, Plaintiff has raised no inference that Defendant directed his subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing so. Thus, Plaintiff has not made the necessary showing to hold Defendant liable under a *respondeat superior* theory. Hartley, 193 F.3d at 1269; Kruger 164 F. Supp.2d at 1333-34. Accordingly, Plaintiff's complaint is subject to dismissal on that ground alone.

### 3. **Plaintiff Fails to State a Claim for Deliberate Indifference.**

Next, even if Plaintiff's complaint were not subject to dismissal for the above reason, such that he had asserted his claims against appropriate individuals, he has failed to state a claim for deliberate indifference to his safety and a serious medical need. (Doc. no. 1, p. 6.) First, a prison inmate has a constitutional right to be protected from violence and from assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial, particularized threat or fear of serious harm, (2) of which a defendant is subjectively aware, and (3) the defendant does not respond reasonably to the risk. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (*per curiam*). Furthermore, "merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). Before a prison official's failure to act can constitute deliberate indifference, "[t]he known risk of injury must be a strong likelihood, rather than a mere possibility." Brown, 894 F.2d at 1537.

Here, Plaintiff fails to satisfy any prong to show that Defendant was deliberately indifferent to his safety. Plaintiff fails to identify any "particularized threat or fear," much less allege that Defendant was subjectively aware of such a threat or fear. Indeed, Plaintiff merely states that the cells did not have emergency call buttons, but never alleges that an actual emergency ever occurred. Accordingly, Plaintiff fails to state a claim for deliberate indifference to safety. Rodriguez, 508 F.3d at 617; Carter, 352 F.3d at 1350.

Likewise, Plaintiff fails to state a claim for deliberate indifference to a serious medical need. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendant acted with deliberate indifference to that need, and (3) his injury was caused by Defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the first prong, a prisoner's medical need must have been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the second prong, Plaintiff must allege that Defendant: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

Here, Plaintiff fails to satisfy any prong for deliberate indifference. Plaintiff does not identify any objectively serious medical need; Plaintiff's claim that his cell did not have a call button fails to qualify as an objectively serious medical need. Plaintiff thus also fails to allege that Defendant was subjectively aware of any serious medical need, much less that he caused Plaintiff any injury. Accordingly, Plaintiff fails to state a claim for deliberate indifference to a serious medical need. Goebert, 510 F.3d at 1326 (11th Cir. 2007).

### 4. Plaintiff Fails to State a Claim Based on His Conditions of Confinement in Administrative Segregation.

Finally, even if Plaintiff had asserted his claims against the appropriate individuals, he fails to state a claim based on his statements concerning his restricted telephone and television use while housed in segregation. (Doc. no. 1, p. 6.) Liberally construing Plaintiff's these allegations as an attempt to state a claim for a violation of his right to due process, his allegations fail to state a claim for which relief can be granted.

For Plaintiff's right to due process to have been violated, he must have been deprived of life, liberty, or property; absent such deprivation, Plaintiff may not prevail on a due process claim irrespective of any alleged procedural deficiencies regarding determinations by prison officials that affect the conditions of his confinement. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In determining whether a protected interest is implicated and the Due Process Clause attaches in the prison context, the expectations created by state regulations are not conclusive, the nature of the sanctions imposed are. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Sanctions imposed by prison officials on inmates do not implicate due process concerns unless (1) "a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court," or (2) "the state has consistently given a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes [an] atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" Id. at 484; see also Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Here, Plaintiff does not allege any liberty or property interest. Lawrence v. Moore, CIVA 08-0277-WS-B, 2009 WL 4884299, at *9 (S.D. Ala. Dec. 9, 2009)

(finding that watching television and talking on the telephone are not liberty or property interests and therefore their deprivation does not constitute a constitutional violation). Additionally, Plaintiff's allegations concern only minor alleged deprivations such that it cannot be said that Plaintiff was restrained beyond his imposed sentence, nor has the deprivation of these privileges been an atypical and significant hardship. Sandin, 515 U.S. at 484. Accordingly, Plaintiff fails to state a viable due process claim based on his allegations that he was denied from using the telephone "on several occasions" and watching television.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO ORDERED this 23rd day of April, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA